IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

BRO T. HESED-EL,

    Plaintiff,

v.

COURTNEY McCORD,

    Defendant.

CV 117-146

**O R D E R**

Before the Court is Defendant Courtney McCord's "Motion to Set Aside Entry of Default, Response to Plaintiff's Motion for Default Judgment and Motion to Dismiss" (doc. 32), Plaintiff's "Motion for Leave to File 2nd Amended Complaint" (doc. 61), and Plaintiff's "Motion to Withdraw" (doc. 53).

**I. BACKGROUND**

Plaintiff is a serial filer in this Court. See Georgia v. Hesed-El, CV 118-037, 2018 WL 1404893, *1, *2 (S.D. Ga. Mar. 28, 2018) (identifying eight cases filed by Plaintiff in the past two years). On November 2, 2017, Plaintiff initiated this lawsuit against numerous defendants alleging wrongdoing involving a Wells Fargo home mortgage. (Doc. 1.) Plaintiff

later amended his complaint to dismiss all original defendants and substituted current defendants in that action, who he alleges committed various civil rights violations. (Docs. 12, 14.) Plaintiff served Defendants on January 26, 2018, and when Defendant McCord failed to answer within the twenty-one days, Plaintiff requested the Clerk enter default against her in accordance with Federal Rule of Civil Procedure 55(a), which the Clerk did on February 22, 2018. (Doc. 23, at 2.) On February 23, 2018, Plaintiff requested the Clerk to enter default judgment for $100,000 against Defendant McCord in accordance with Federal Rule of Civil Procedure 55(b)(1). (Doc. 24, at 2-3.) On February 26, 2018, Plaintiff dismissed Defendants Dustin Burdick, Branden J. Glover, and Richard Roundtree, leaving only Defendant McCord. (Doc. 31.)

On March 1, 2018, Defendant McCord moved to set aside the entry of default and dismiss Plaintiff's complaint. (Doc. 32.) On July 7, 2018, Plaintiff moved to file a second amended complaint. (Doc. 61.) The Court now considers these motions.

## II. DISCUSSION

### A. Motion to Withdraw

Plaintiff requests to withdraw his motion for default judgment (doc. 24), motion for mandatory judicial notice (doc. 48), and motion to stay state court proceedings (doc. 45).

2

Defendant McCord has no opposition to Plaintiff's motion. (Doc. 62.) Accordingly, the Court **DENIES** Plaintiff's above motions.

**B. Motion to Set Aside Default**

First, Defendant McCord asks this Court to set aside the entry of default entered against her. Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).

> Good cause is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance. We recognize that good cause is not susceptible to a precise formula, but some general guidelines are commonly applied. Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. We note, however, that these factors are not talismanic, and that courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of good cause to set aside a default. However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief.

Compania Interamericana Export-Import v. Compania Dominicana De Aviacion, 88 F.3d 948, 952 (11th Cir. 1996) (citations and internal quotations omitted). Setting aside a default is "within the discretion of the district court." Robinson v. United States, 734 F.2d 735, 739 (11th Cir. 1984).

3

Defendant McCord argues that good cause exists because Plaintiff never properly served her as required by Federal Rule of Civil Procedure 4. (Doc. 32, at 2.) Federal Rule of Civil Procedure 4(c) provides that "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by the Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Defendant McCord claims that Plaintiff never served her with "a summons issued by the Court in accordance with the Federal Rules of Civil Procedure commanding [her] to take any action such [as] filing an appearance with [sic] twenty one (21) days or any specified time." (Doc. 32, at 2.) According to Defendant McCord, "[t]he only document served upon [her] other than the amended complaint was the form 'Notice of a Lawsuit' and 'Request to Waive Formal Service.'" (Id.) Defendant McCord also asserts that she forwarded the documents to her supervisors for review by counsel. (Id.) Defendant McCord supports her accusations with a sworn affidavit. (Doc. 33.)

The Court finds that Defendant McCord has established good cause to set aside the entry of default. First, Defendant McCord has established excusable neglect because there is a

chance she was not properly served[1] and she immediately delivered the documents to her supervisor for review. Second, Defendant acted promptly after notice of the entry of default. Third, setting aside default will not prejudice Plaintiff. Fourth, Defendant has a potentially meritorious defense because the claims made against Defendant in the first amended complaint do not appear to make factual allegations that "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544 at 570 (2007). Thus, the Court now **SETS ASIDE** the default entered against Defendant. The Court also **DENIES** Plaintiff's motion to allow the Clerk to enter default judgment (doc. 29).

**C. Motion to Amend**

Under Federal Rule of Civil Procedure 15[2], "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Defendant McCord objects to Plaintiff's motion on the grounds that a second complaint would be futile. The Court, however,

---

[1] The Court declines to make a factual finding on this issue because Plaintiff vigorously disputes this fact and includes an affidavit of his process server in support of his position.
[2] Plaintiff may not amend as of right under Rule 15 because this is Plaintiff's second amended complaint and Plaintiff moved to amend both more than 21 days after serving his first amended complaint and after service of Defendant's motion to dismiss.

5

finds that Plaintiff's pro se status works in favor of granting Plaintiff leave to amend his complaint. Accordingly, the Court **GRANTS** Plaintiff's motion and accepts his proposed second amended complaint as the operative complaint in this case. Furthermore, the Court **DENIES AS MOOT** Plaintiff's motion for a TRO (doc. 5) because it sought to enjoin individuals who are no longer defendants to this action and concerns facts that are not set forth in Plaintiff's second amended complaint.

## III. CONCLUSION

The Court **GRANTS** Defendant's motion to set aside default (doc. 32) and Plaintiff's motion to amend his complaint (doc. 61). Further, the Court **DENIES** Plaintiff's motion for default judgment (doc. 24), motion to allow the Clerk to enter default (doc. 29), motion for mandatory judicial notice (doc. 48), and motion to stay state court proceedings (doc. 45). The Court also **DENIES AS MOOT** Plaintiff's motion for a TRO (doc. 5) and Defendant McCord's motion to dismiss (doc. 32).

**ORDER ENTERED** at Augusta, Georgia, this 20th day of August, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA