IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

BRO T. HESED-EL,                    *
                                    *
        Plaintiff,                  *
                                    *
        v.                          *          CV 117-146
                                    *
COURTNEY MCCORD, in Her             *
Individual and Official             *
Capacities; VERA L. BUTLER, in      *
Her Individual and Official         *
Capacities; and City of             *
Augusta-Richmond County,            *
                                    *
        Defendants.                 *

_____

O R D E R

_____

This matter is before the Court on several motions. The Court

addresses each pending motion herein.


I. BACKGROUND

Plaintiff is a serial filer in this Court. See Georgia v.

Hesed-El, CV 118-037, 2018 WL 1404893, at *2 (S.D. Ga. Mar. 8,

2018). After filing an initial complaint seemingly relating to a

property dispute (Compl., Doc. 1), Plaintiff, proceeding pro se,

amended his complaint. (First Am. Compl., Doc. 12.) The first

amended complaint serves as the foundation for the present action.[1]

(Id.) On June 26, 2018, Plaintiff filed a motion for partial

_____

[1] The Court set forth the initial history of this case in its Order dated August
20, 2018 ("August 20, 2018 Order"). (August 20, 2018 Order, Doc. 81.)

summary judgment. (Doc. 55.) Plaintiff later sought to withdraw that motion (Doc. 60) and requested leave to file a second amended complaint. (Doc. 61.) With the Court's permission (August 20, 2018 Order, at 5-6), Plaintiff filed his second amended complaint, the current operative pleading. (Docs. 84, 84-1.) As the Court reads it, Plaintiff's second amended complaint asserts four claims against Defendants: (1) a claim under 42 U.S.C. § 1983 for violation of due process rights; (2) false arrest or malicious prosecution; (3) negligent supervision or retention; and (4) a claim involving Defendants' failure to serve Plaintiff notice. (Second Am. Compl. Attach., Doc. 84-1, ¶¶ 37-61.)

The root of Plaintiff's claims is his alleged unlawful arrest. (Id. ¶ 25.) Plaintiff asserts that his arrest occurred without probable cause (id. ¶¶ 23, 39, 49) and attributes the unlawful arrest to Defendant McCord, deputy clerk with the Civil Court of Richmond County (Arrest Warrant, Doc. 33-5),[2] making the probable cause determination and issuing the warrant. (Second Am. Compl. Attach., ¶¶ 22, 49.) Plaintiff additionally contends that Defendant Butler, also an employee of Augusta-Richmond County (Id. ¶ 4), forged the acting judge's order finding probable cause to issue the arrest warrant. (Id. ¶ 24.)

---

[2] A district court is permitted to take judicial notice of arrest warrant in underlying criminal case. McDowell Bey v. Vega, 588 F. App'x 923, 927 (11th Cir. 2014).

Defendants moved to dismiss Plaintiff's second amended complaint. (Defs.' Mot. to Dismiss, Doc. 88.) While Defendants' motion to dismiss was pending, Plaintiff filed a motion for leave to file his third amended complaint. (Mot. for Leave to File Third Am. Compl., Doc. 91.) The third amended complaint seeks to add a host of new defendants and claims. (Proposed Third Am. Compl., Doc. 91-1.) Plaintiff also moved for leave to file a supplemental pleading claiming bad faith refusal to settle.[3] (Doc. 100.) Before addressing Defendants' motion to dismiss and Plaintiff's motion for leave to file his third amended complaint, the Court resolves several of Plaintiff's motions.

## II. PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff requests to withdraw his motion for partial summary judgment. (Doc. 60.) No party has opposed Plaintiff's motion to withdraw. (See Resp. to Mot. to Withdraw, Doc. 62.) Accordingly, the Court permits Plaintiff to withdraw his motion for partial summary judgment. The withdrawal moots any motions related to Plaintiff's motion for partial summary judgment. (Docs. 54, 58.)

---

[3] Plaintiff also filed the following pending motions: two motions for a temporary restraining order (Docs. 67, 103) and a motion to lift the discovery stay (Doc. 71).

## III. PLAINTIFF'S MOTION TO STRIKE

Plaintiff filed a motion to strike Defendant McCord's opposition to Plaintiff's motion for partial summary judgment, Defendant McCord's opposition to Plaintiff's motion for leave to file his second amended complaint and supporting affidavit, and Defendant McCord's reply in support of her motion to set aside the entry of default and to dismiss. (Doc. 73.) As set forth in section II, *supra*, Plaintiff's motion for partial summary judgment is withdrawn. The remaining filings that Plaintiff requests the Court strike also relate to motions previously resolved. Therefore, Plaintiff's motion to strike is moot.

## IV. PLAINTIFF'S MOTION TO LIFT STAY

By Order dated March 6, 2018 (Doc. 38), United States Magistrate Judge Brian K. Epps stayed discovery pending resolution of Defendant McCord's motion to dismiss (Doc. 32). Plaintiff asks the Court to lift the discovery stay. (Mot. to Lift Stay, Doc. 71.) Pursuant to the Court's August 20, 2018 Order, Plaintiff's motion for leave to amend complaint was granted, and Defendant McCord's motion to dismiss was denied as moot. (August 20, 2018 Order, at 6.) Because the original motion to stay remained in force until the Court resolved Defendant McCord's original motion to dismiss, the denial of Defendant McCord's motion to dismiss

lifted the initial stay. As such, Plaintiff's motion to lift the stay is moot.[4]

## V. DEFENDANTS' MOTION TO DISMISS

### A. Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,[5] to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550

---

[4] The Court notes that following filing of Plaintiff's second amended complaint and Defendants' motion to dismiss Plaintiff's second amended complaint, Judge Epps entered an order staying discovery pending resolution of Defendants' motion to dismiss Plaintiff's second amended complaint. (Order, Doc. 92, at 1-2.) Consequently, discovery is presently stayed.

[5] The Court must accept all well-pleaded facts in the complaint as true and construe all reasonable inferences therefrom in the light most favorable to the plaintiff. Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006).

U.S. at 570). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Furthermore, "the court may dismiss a complaint pursuant to Rule 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

As for pro se plaintiffs, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). "Even though a pro se complaint should be construed liberally, [it] still must state a claim upon which the Court can grant relief." Wilson v. Vanalstine, No. 1:17-cv-615-WSD, 2017 WL 4349558, at *2 (N.D. Ga. Oct. 2, 2017) (quoting Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007)). Pro se

litigants are required to comply with procedural rules, and "the court is not required to rewrite deficient pleadings." <u>Jacox v. Dep't of Def.</u>, 291 F. App'x 318, 318 (11th Cir. 2008) (citing <u>GJR Invs., Inc. v. Cty. of Escambia</u>, 132 F.3d 1359, 1369 (11th Cir. 1998) (overruled on other grounds)).

**B. Discussion**

1. Count I – Section 1983 & Count II – False Arrest or Malicious Prosecution

Although branded as a cause of action for violation of due process, for the reasons below, the Court interprets Plaintiff's first claim as a section 1983 claim for malicious prosecution or false arrest. The Court treats Plaintiff's second claim as a state law cause of action for malicious prosecution or false arrest.[6] To prove a federal and Georgia claim for malicious prosecution, Plaintiff must show: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." <u>Kjellsen</u>

---

[6] Defendants cite affidavits in the record to establish that Plaintiff's allegations concerning the probable cause hearing and issuance of the arrest warrant are false. The Federal Rules of Civil Procedure instruct that, upon considering a motion to dismiss for failure to state a claim, when "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d); <u>see also</u> <u>Garfield</u>, 466 F.3d at 1260 n.2. However, a court is not required to consider matters outside the pleadings; rather, whether to consider such matters is within the court's discretion. <u>See</u> <u>Harper v. Lawrence Cty.</u>, 592 F.3d 1227, 1232 (11th Cir. 2010) ("A judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings."). Here, the Court refrains from considering matters outside the pleadings, and therefore, need not convert Defendants' motion to dismiss into a motion for summary judgment.

v. Mills, 517 F.3d 1232, 1237 (11th Cir. 2008). "A warrantless arrest without probable cause violates the Constitution and provides a basis for a section 1983 claim" for false arrest. Kingsland v. City of Miami, 382 F.3d 1220, 1226 (11th Cir. 2004). Under Georgia law, "[a]n aggrieved plaintiff must prove three elements in a false arrest claim: an arrest under the process of law, without probable cause[,] and made maliciously." Simmons v. Mableton Fin. Co., 562 S.E.2d 794, 797 (Ga. Ct. App. 2002).

As stated under federal and Georgia law, both malicious prosecution and false arrest include probable cause as a material element. Although a plaintiff is not required to "allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Frazile v. EMC Mortg. Corp., 382 F. App'x 833, 836 (11th Cir. 2010) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Plaintiff has not alleged facts to sustain a recovery under another legal theory. Therefore, as a material element of malicious prosecution and false arrest, Plaintiff must allege, at a minimum, non-conclusory allegations allowing the Court to infer the absence of probable cause. See Martin v. Wood, 648 F. App'x 911, 916 (11th Cir. 2016) (affirming dismissal for failure to state claims for false arrest and

8

malicious prosecution when plaintiff "failed to allege facts demonstrating that any officer . . . acted without probable cause"); <u>Walker v. Dean</u>, No. 1:15-cv-3602-WSD, 2016 WL 3227501, at *4 (N.D. Ga. June 13, 2016) (dismissing false arrest claim, in part, because "[p]laintiff's [c]omplaint contain[ed] only the bare assertion that the warrant for his arrest 'was issued without probable cause'"); <u>Taylor v. United States</u>, No. CV 314-006, 2014 WL 11468757, at *4 (S.D. Ga. June 18, 2014) (dismissing state law malicious prosecution claim upon plaintiff's failure to allege facts sufficient to show lack of probable cause). Without factual allegations demonstrating the absence of probable cause for Plaintiff's arrest, Plaintiff fails to state a plausible claim for malicious prosecution or false arrest. <u>Iqbal</u>, 556 U.S. at 678.

Here, Plaintiff fails to offer more than the legal conclusion that his arrest occurred without probable cause. (<u>See</u> Second Am. Compl. Attach., ¶¶ 39 ("Defendants deprived Plaintiff of his liberty without due process of law by unlawfully seizing his body and arresting his person without any probable cause or legal authorization."), 49 ("Because Plaintiff was maliciously arrested without probable cause and without the prerequisite legal procedure, Defendant McCord is liable for signing the warrant for his arrest.").) Threadbare conclusions, such as those Plaintiff offers, are insufficient to establish Plaintiff's pleading requirement under Federal Rule of Civil Procedure 8. <u>See</u> <u>Davila</u>

9

v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003) ("[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."). As pleaded, Plaintiff's malicious prosecution and false arrest counts fail to state a claim upon which relief may be granted against all Defendants.

Despite not satisfying his obligation to allege facts sufficient to show the absence of probable cause, Plaintiff further asserts that Defendant McCord's lack of authority to conduct and issue warrants violated Plaintiff's rights pursuant to the Constitution's Fourth, Fifth, and Fourteenth Amendments. Pursuant to 42 U.S.C. § 1983, "Every person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured . . . ." The statute confers no substantive rights on its own. Instead, it permits "a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-94 (1989) (citation omitted). In a section 1983 suit, a court must:

> "[I]solate the precise constitutional violation with
> which [the] defendant is charged." Baker v. McCollan,
> 443 U.S. 137[, 140] . . . (1979). If an Amendment
> provides an explicit textual source of constitutional
> protection against the sort of conduct complained of,
> that Amendment — not the more generalized notion of
> substantive due process under the Fourteenth Amendment

— is the guide for analyzing the claim. See Graham v. Connor, 490 U.S. 386[, 393–94] . . . (1989) . . . . For example, in Albright v. Oliver, 510 U.S. 266 . . . (1994), the Supreme Court refused to recognize a substantive due process right under the Fourteenth Amendment to be free from criminal prosecution except upon probable cause; the Court determined that such a claim must be analyzed under the Fourth Amendment. Id. at [273].

Jordan v. Mosley, 298 F. App'x 803, 805 (11th Cir. 2008). The text of the Fourth Amendment explicitly confers the right to be free from seizure without due process of law. Accordingly, the generalized guarantees of substantive due process contained in the Fifth[7] and Fourteenth Amendments are inapplicable.[8]

Analyzing Plaintiff's section 1983 claim under the Fourth Amendment, Plaintiff alleges that Defendant McCord lacked the authority to make a probable cause determination and issue an arrest warrant. Plaintiff fails to establish facts sufficient to

---

[7] Plaintiff also cannot state a section 1983 claim pursuant to the Fifth Amendment because the Fifth Amendment applies to persons acting under color of federal law. Schweiker v. Wilson, 450 U.S. 221, 226 n.6 (1981). None of the Defendants named were acting under color of federal law. (Second Am. Compl. Attach., ¶¶ 2–4.)

[8] The case presents a question as to whether Defendants McCord and Butler can be liable for a section 1983 claim for false arrest as a matter of law. As the Eleventh Circuit has set forth, "To establish [section] 1983 liability, a plaintiff must show 'proof of an affirmative causal connection' between a government actor's acts or omissions and the alleged constitutional violation, which 'may be established by proving that the official was personally involved in the acts that resulted in the constitutional deprivation.'" Brown v. City of Huntsville, 608 F.3d 724, 737 (11th Cir. 2010) (finding mere presence of law enforcement officers at scene of arrest insufficient to meet requirement of causal connection) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). Plaintiff is required to show the "defendant officer was part of the chain of command authorizing the arrest action." Id. Because Plaintiff does not contend that Defendants actually participated in his arrest, it is unclear whether Defendants were personally involved in the alleged deprivation of rights. Nevertheless, the Court refrains from addressing this issue as Plaintiff fails to state a claim for other reasons.

show that, even accepting Plaintiff's allegation that Defendant McCord made the probable cause determination, Defendant McCord lacked the authority to do so.[9] The United States Supreme Court established a two-part test to determine whether the person issuing the arrest warrant is qualified under the Fourth Amendment: (1) "[S]he must be neutral and detached"; and (2) "[S]he must be capable of determining whether probable cause exists for the requested arrest or search." Shadwick v. City of Tampa, 407 U.S. 345, 350-51 (1972) (finding municipal court clerks possessed constitutional authority to issue arrest warrants for violations of municipal ordinances). Plaintiff alleges no facts setting forth that Defendant McCord lacked independence from law enforcement or was incapable of making a probable cause determination.

Additionally, the persons in question are employed with the Civil Court of Richmond County. Upon establishing the magistrate courts in Georgia, the Georgia Constitution expressly authorized the continued existence of the Civil Court of Richmond County. GA. CONST. art. 6, § 10, ¶ 1(5) ("[T]he Civil Court[] of Richmond . . . [C]ount[y] . . . shall continue with the same jurisdiction as such court[] . . . ha[s] on the effective date of

---

[9] Defendant McCord is likely entitled to judicial immunity according to Plaintiff's alleged facts. As the Eleventh Circuit determined in Scott v. Dixon, when a clerk performs a function normally reserved for a judge and is not acting in "clear absence of all jurisdiction," she "falls within this circuit's narrow extension of absolute judicial immunity to court clerks." 720 F.2d 1542, 1546-47 (11th Cir. 1983).

this article unless otherwise provided by law."). The Georgia Legislature's local legislation authorizes clerks of the Civil Court of Richmond County to issue arrest warrants:

> The clerk and deputy clerks of said Civil Court shall have complete power and authority, co-existent and coordinate with the power of the judges of said court, under the provisions of this Act, to issue any and all warrants, civil and criminal, . . . which under the laws of this State are performable by a justice of the peace.

1974 Ga. Laws 2410, at 2417, § 12. The Georgia Legislature later amended the clerk's authority:

> The clerk and each deputy clerk of the Civil Court of Richmond County shall continue to exercise the power and authority, under the immediate supervision of the chief judge or the [presiding] judge of said court, to issue warrants for the arrest of persons charged with the commission of crimes committed in Richmond County, to the same extent as those clerks and deputy clerks have heretofore been authorized to act.

1984 Ga. Laws 4467, at 4471, § 2(b). Therefore, in light of Shadwick and the Georgia General Assembly's local legislation regarding clerks of the Richmond County Civil Court, the Court concludes that Plaintiff fails to state a section 1983 claim against Defendant McCord.[10]

---

[10] As part of Plaintiff's claim that Defendant McCord lacked authority to issue the arrest warrant, Plaintiff appears to allege that Defendant McCord did not take the necessary oath of office. To the extent Plaintiff argues that Defendant McCord acted contrary to Georgia law, in failing to take the necessary oaths, the Court need not address this issue under Plaintiff's section 1983 and intentional tort claims dismissed on other grounds. Irrespective of any dispute regarding Defendant McCord's oaths of office, Shadwick establishes that — constitutionally speaking — Defendant McCord was qualified under the Fourth Amendment.

13

## 2. Count III – Negligent Supervision or Retention

Plaintiff also asserts a claim for negligent supervision or retention. It is unclear whether the claim is directed at Defendant Butler or Defendant City of Augusta-Richmond County ("Defendant Augusta"). Ultimately, the distinction is of no consequence. Under Georgia law, claims for negligent supervision and retention "are derivative and cannot survive without the" underlying substantive claim.[11] Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1329 (N.D. Ga. 2009) (citing Metro. Atl. Rapid Transit Auth. v. Mosley, 634 S.E.2d 466, 469 (Ga. Ct. App. 2006)); accord Keisha v. Dundon, 809 S.E.2d 835, 838 (Ga. Ct. App. 2018); Hosp. Auth. of Valdosta/Lowndes Cty. v. Fender, 802 S.E.2d 346, 355 (Ga. Ct. App. 2017) ("Like claims based on respondeat superior, claims against a defendant employer for the negligent . . . supervision[] and retention of an employee are derivative of the underlying tortious conduct of the employee."). Following the Court's conclusion regarding Plaintiff's Counts I

---

[11] If Plaintiff's negligent supervision or retention claim is a disguised claim against Defendant Butler pursuant to theories of respondeat superior or vicarious liability, the claim also necessarily fails. Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) ("It is well established in this circuit that supervisory officials are not liable under [section] 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.") (internal quotation marks and citation omitted).

and II, Plaintiff's negligent supervision or retention claim necessarily fails for want of an underlying substantive claim.

### 3. Count IV – Issuance of Judicial Process in Want of Jurisdiction

Finally, Plaintiff asserts a claim against Defendant Augusta for its alleged "deliberate[] and malicious[]" failure to serve Plaintiff with notice. Attempting to construe Plaintiff's complaint liberally, the Court stretches to interpret Plaintiff's claim as one for deprivation of procedural due process rights under the Fourteenth Amendment pursuant to section 1983. "Procedural due process generally requires some type of notice and hearing before the [s]tate deprives a person of liberty . . . ." Dennen v. City of Norcross, No. 1:05-CV-2660-CC, 2006 WL 8432556, at *4 (N.D. Ga. Aug. 14, 2006) (citing Zinermon v. Burch, 494 U.S. 113, 127 (1990)). Even employing its imagination to find that Plaintiff has alleged a recognizable theory of recovery, see Sanjuan v. Am. Bd. or Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) ("At this stage[,] the plaintiff receives the benefit of imagination."), the Court finds Plaintiff fails to state a claim for relief.

Initially, the Court turns to Plaintiff's allegation that "any related judicial orders issued by a city judge [were] done in want of jurisdiction and authority." (Second Am. Compl. Attach., ¶ 61.) To this point in the litigation, Plaintiff has refrained

15

from naming Judge Scott Allen as a defendant, and the issuing of judicial orders to which Plaintiff alludes plainly falls under judicial immunity protection.[12]  Stump v. Sparkman, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts . . . .")  The Court, therefore, construes that Plaintiff intends to impose this liability on Defendant Augusta for the judge's alleged entry of orders without jurisdiction. Nevertheless, it is well-established that "a municipality cannot be held liable under [section] 1983 on a *respondeat superior* theory." Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 691 (1978); see also Hartley, 193 F.3d at 1269.  Thus, Plaintiff fails to state a claim against Defendant Augusta in this manner.

Second, to the extent Plaintiff asserts that Defendant Augusta directly infringed upon his procedural due process rights, his claim only succeeds upon a showing that the alleged conduct — here, deliberate and malicious failure to serve him with process — was attributable to a policy or custom of Defendant Augusta. Collins v. City of Harker Heights, 503 U.S. 115, 120-23 (1992). Therefore, Plaintiff is required to show: "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused

---

[12] Judge Allen is named as a defendant in Plaintiff's proposed third amended complaint.  (Proposed Third Am. Compl., ¶ 68.)

16

the violation." Martin, 648 F. App'x at 914 (citing McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004)). "To demonstrate a policy or custom, it is generally necessary to show a persistent and wide-spread practice." McDowell, 392 F.3d at 1290 (internal quotation marks and citation omitted).

In the present case, it is dubious that Plaintiff can establish any of the three requirements for direct liability against Defendant Augusta. It is certain, however, that Plaintiff cannot show that Defendant Augusta employed a policy or custom to refuse serving persons facing a pre-warrant hearing under the alleged facts. Plaintiff only alleges that Defendant Augusta targeted him. (Second Am. Compl. Attach., ¶ 60.) Under binding precedent, that is insufficient to state a section 1983 claim against the municipality.

Because Plaintiff fails to allege facts allowing the court to infer a viable legal theory, his complaint is dismissed in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## VI. Plaintiff's Motion for Leave to Amend Complaint

Plaintiff's proposed third amended complaint asserts a number of new claims, Counts V–X, against a number of new defendants. Yet, the proposed third amended complaint does nothing to cure the existing deficiencies in the second amended complaint.

## A. Motion to Amend Standard

Plaintiff may no longer amend his complaint as a matter of course. See FED. R. CIV. P. 15(a)(1). Therefore, Plaintiff "may amend [his] pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Defendants have not provided written consent. (See Resp. in Opp. to Mot. for Leave to File Third Am. Compl., Doc. 93.) Therefore, Plaintiff may only amend with the Court's leave.

District courts are given "extensive discretion" to decide whether to allow an amended complaint. Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999). In exercising its discretion, the Eleventh Circuit has set forth five factors for the district court to consider: (1) "undue delay," (2) "bad faith or dilatory motive on the part of the movant," (3) "repeated failure to cure deficiencies by amendments previously allowed," (4) "undue prejudice to the opposing party by virtue of allowance of the amendment," and (5) "futility of amendment." Seiger ex rel. Seiger v. Philipp, 735 F. App'x 635, 637 (11th Cir. 2018) (quoting Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1241 (11th Cir. 2009)).

Defendants primarily cite futility as the reason to deny Plaintiff's motion for leave. According to the Eleventh Circuit:

> "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." Hall v. United Ins. Co. of Am., 367 F.3d

1255, 1263 (11th Cir. 2004) . . . . To determine if the proposed amendment is still subject to dismissal, a court accepts the facts pleaded in the proposed amended complaint as true and construes them in the light most favorable to the plaintiff. See Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Commc['n]s, Inc., 376 F.3d 1065, 1077 (11th Cir. 2004).

Hall v. One Point Fin. LLC, No. 1:09-CV-1458-WBH-AJB, 2009 WL 10669420, at *2 (N.D. Ga. Nov. 24, 2009). Although *pro se* plaintiffs are generally given at least one opportunity to amend, the court is not required to grant leave to amend if granting the amendment would be futile. Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled on other grounds by* Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541 (11th Cir. 2002).

**B. Discussion**

### 1. Count V – 42 U.S.C. § 1983 Violations of Additional Defendants

The heading of Count V of Plaintiff's proposed third amended complaint indicates that the additional proposed defendants are liable pursuant to section 1983. The allegations contained thereunder tell a different story. The new section 1983 allegations lack specific facts attributing constitutional tort liability to the newly named defendants. The Court can only presume that Plaintiff is seeking to attribute the same harm asserted in Plaintiff's second amended complaint to newly proposed defendants. For the reasons set forth above, however, Plaintiff failed to state a claim pursuant to section 1983 in the second

amended complaint. As the proposed third amended complaint fails to state a claim pursuant to section 1983 on its own, and it neglects curing deficiencies in the second amended complaint's section 1983 allegations, permitting the amendment is futile.

2. Counts VI, VII, VIII, IX, & X

Plaintiff's remaining newly proposed claims are state law claims. (Proposed Third Am. Compl., ¶¶ 80-101.) With no surviving federal claims, the current action's posture implicates 28 U.S.C. § 1367. "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." Id. § 1367(b)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). For that reason, the Eleventh Circuit "encourage[s] district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004).

In its discretion, the Court determines that in the absence of federal claims, the proposed state law claims are better left

20

to the state courts to resolve. Because the additional state law claims are still subject to dismissal absent a federal question, the court declines to consider those claims. Accordingly, Plaintiff's motion for leave to file his third amended complaint is denied for futility.

## VII. Plaintiff's Motion for Leave to File Supplemental Pleading

Plaintiff seeks leave to include an additional party, Western Surety Company ("Western"), and a claim for Western's alleged bad faith refusal to settle. (Mot. for Leave to File Suppl. Pleading, Doc. 100; Proposed Suppl. Pleading, Doc. 100-2.) The Court determines that, considering Plaintiff's action is dismissed, permitting Plaintiff leave to file the supplemental pleading is futile. See Smith v. Sec'y for Dep't of Corrs., 252 F. App'x 301, 303 (11th Cir. 2007) (finding district court did not abuse discretion in refusing to consider supplemental pleadings "because doing so would have been futile") (citing Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-63 (11th Cir. 2004)).

## VIII. CONCLUSION

Pursuant to the foregoing, **IT IS HEREBY ORDERED**:

(1) Plaintiff's motion to withdraw his motion for partial summary judgment (Doc. 60) is **GRANTED**. Plaintiff's motion for

partial summary judgment (Doc. 55) is **WITHDRAWN**, and the Clerk is directed to **TERMINATE** this motion.

(2) Plaintiff's motion for a hearing and for an extension of time to file a brief related to his motion for partial summary judgment (Doc. 54) is **DENIED AS MOOT**.

(3) Defendant McCord's motion to stay, or in the alternative, strike Plaintiff's motion for partial summary judgment (Doc. 58) is **DENIED AS MOOT**.

(4) Plaintiff's motion to strike (Doc. 73) is **DENIED AS MOOT**.

(5) Plaintiff's motion to lift the discovery stay (Doc. 71) is **DENIED AS MOOT**.

(6) Plaintiff's motion for leave to file his third amended complaint (Doc. 91) is **DENIED**.

(7) Plaintiff's motion for leave to file a supplemental pleading (Doc. 100) is **DENIED**.

(8) Plaintiff's emergency motion for a temporary restraining order (Doc. 67) is **DENIED AS MOOT**.

(9) Plaintiff's motion for a temporary restraining order (Doc. 103) is **DENIED AS MOOT**.

(10) Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 88) is **GRANTED**, and Plaintiff's case is **DISMISSED**. The Clerk is directed to **TERMINATE** all other pending motions, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 29th day of March, 2019.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA