FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2019 OCT 10 PM 4: 21

CLERK
SO. DIST. GA.

# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF GEORGIA
### AUGUSTA DIVISION

BRO T. HESED-EL,                    *
                                    *
          Plaintiff,                *
                                    *
          v.                        *          CV 117-146
                                    *
COURTNEY MCCORD, in Her             *
Individual and Official             *
Capacities; VERA L. BUTLER, in      *
Her Individual and Official         *
Capacities; and City of             *
Augusta-Richmond County,            *
                                    *
          Defendants.               *

---

## O R D E R

---

Before the Court are the following motions: (1) Plaintiff's motion pursuant to Federal Rule of Civil Procedure 60 (Doc. 114); (2) Plaintiff's motion pursuant to Federal Rule of Civil Procedure 52 (Doc. 115); (3) Plaintiff's motion for judicial notice (Doc. 117); and (4) Plaintiff's motion to proceed on appeal *in forma pauperis* ("IFP") (Doc. 119). For the reasons set forth below, each motion is **DENIED**.

### I. BACKGROUND

Plaintiff is a serial filer in this Court. See Georgia v. Hesed-El, No. CV 118-037, 2018 WL 1404893, at *1, *2 (S.D. Ga. Mar. 28, 2018) (identifying eight cases filed by Plaintiff over

two years); see also Hesed-El v. Aldridge Pite, LLP, et al., CV 119-162, United States District Court for the Southern District of Georgia, Augusta Division (transferred); Hesed-El v. Lown, et al., CV 118-200, United States District Court for the Southern District of Georgia, Augusta Division; Hesed-El v. Poff, CV 118-079, United States District Court for the Southern District of Georgia, Augusta Division. In the present action, Plaintiff alleges he was illegally arrested without probable cause and authority. (Second Am. Compl., Doc. 84-1, ¶¶ 24, 39.) Defendants moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Defs.' Mot. to Dismiss, Doc. 88.) On March 29, 2019, the Court determined Plaintiff failed to state a claim upon which relief could be granted and dismissed the action. (Mar. 29, 2019 Order, Doc. 107, at 5-17, 22.)

Following the Court's March 29, 2019 Order, Plaintiff filed the motions before the Court. The Court addresses each motion in turn.

## II. DISCUSSION

### A. Motion for Reconsideration

Plaintiff filed his motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). A motion for reconsideration following a final judgment "falls within the ambit of either Rule 59(e) (motion to alter or amend a judgment) or Rule

2

60(b) (motion for relief from judgment or order)." Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 805-06 n.5 (11th Cir. 1993). Generally, when a motion for reconsideration is filed within twenty-eight days of the final judgment, the motion is treated as a motion pursuant to Federal Rule of Civil Procedure 59(e). See Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003) (analyzing Rule 59 under former ten-day deadline). Because Plaintiff is proceeding *pro se*, the Court will construe Plaintiff's motion as a motion pursuant to Rule 59(e) where possible.

Reconsideration of an earlier order is an extraordinary remedy, which should be permitted sparingly. Ceja v. United States, No. CV 115-018, 2017 WL 3401459, at *1 (S.D. Ga. Aug. 8, 2017) (citing Williams v. Cruise Ships Catering & Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004)). Although not enumerated in the rule, "the only grounds for granting a Rule 59[(e)] motion are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam). Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final judgment, order, or proceeding for (1) mistake or neglect, (2) newly discovered evidence, (3) fraud, (4) a void judgment, (5) a satisfied judgment, or (6) any other reason justifying relief.

A motion for reconsideration should not be used "to relitigate old matters, raise argument or present evidence that could have

3

been raised prior to the entry of judgment." Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (citation omitted). Whether to grant a motion for reconsideration is within the sound discretion of the district court. Ebanks v. Samsung Telecomm. Am., LLP, 667 F. App'x 740, 741 (11th Cir. 2016) (per curiam) (citing Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1317-18 (11th Cir. 2013) (Rule 59(e)); Am. Bankers Ins. Co. v. Nw. Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999) (Rule 60(b))).

1. Rule 59(e)

First, the Court analyzes Plaintiff's request that the Court revise its judgment because of newly discovered evidence under Rule 59(e). To succeed on a Rule 59(e) motion claiming newly discovered evidence, "the movant must show either that the evidence is newly discovered or, if the evidence was available at the time of the decision being challenged, that [the movant] made a diligent yet unsuccessful effort to discover the evidence." Chery v. Bowman, 901 F.2d 1053, 1057 n.6 (11th Cir. 1990). In support of his motion, Plaintiff filed an "Affidavit of New Evidence" (Doc. 112) and "Addendum to Affidavit of New Evidence" (Doc. 122). The affidavit includes information that is not "evidence," evidence already in the record, new evidence that is entirely irrelevant to

this lawsuit, and evidence that was available at the time of the judgment.[1]

Second, Plaintiff appears to argue the Court committed a manifest error of law or fact. In asserting the Court should correct a manifest error of fact on a dismissal for failure to state a claim, Plaintiff effectively asks the Court to revisit the complaint's allegations. See United States ex rel. Heesch v. Diagnostic Physicians Grp., P.C., No. 11-0364-KD-B, 2014 WL 1948326, at *1-2 (S.D. Ala. May 15, 2014). The Court previously analyzed the complaint when deciding Defendants' motion to dismiss and concluded Plaintiff failed to state a claim.[2] Nothing has

---

[1] The only arguably new evidence the Court can discern is a purported transcript from the pre-arrest hearing. (Pre-Arrest Hr'g Tr., Doc. 122, at 11-14.) Although the hearing transpired on September 22, 2017, Plaintiff claims he did not receive the transcript until June 21, 2019. (Addendum to Aff. of New Evid., Doc. 122, at 2.) At any rate, the hearing transcript does not necessitate altering the Court's judgment.

[2] Although the argument has no merit, Plaintiff continues to aver that he was a teacher at Helms College at the time of the incident in question. (Pl.'s Br. Supp. Mots., Doc. 113, at 9.) Plaintiff later supplemented his filings to state he was not offered another teaching contract with Helms College. (Notice of Am. Financial Status, Doc. 123.) Plaintiff contends, based on his status as a teacher at the time, O.C.G.A. § 17-4-40(c) required a judge to issue the arrest warrant. O.C.G.A. § 17-4-40(c) has no bearing on Plaintiff's Section 1983 claim: "Any warrant for the arrest of a . . . teacher[] or school administrator for any offense alleged to have been committed while in the performance of his or her duties may be issued only by a judge of a superior court, a judge of a state court, or a judge of a probate court." First, O.C.G.A. § 17-4-40 is a state protection, and as explained herein, Section 1983 is not a mechanism to recover for a violation of a protection afforded by state law. Second, not only did the operative complaint entirely omit Plaintiff's alleged status as a teacher, but it makes no mention that the offense was committed while in the performance of his teacher duties. The documents Plaintiff supplied in requesting reconsideration and attached to his operative complaint reveal a landlord-tenant dispute served as the foundation of the criminal complaint against Plaintiff. (See Second Am. Compl., at 27-36; Pre-Arrest Hr'g Tr., at 11—14.) Any contention that the offense could have been committed while in the performance of Plaintiff's duties as an educator is farfetched.

changed with the complaint since that time.[3]  For these reasons, the Court refrains from altering or amending its dismissal pursuant to Federal Rule of Civil Procedure 59(e).

## 2. Rule 60(b)

Plaintiff further asserts that relief is necessary under provisions only available under the stricter standard of Rule 60(b).

### a. *Rule 60(b)(1)*

First, Plaintiff requests relief under Rule 60(b)(1) for mistake, inadvertence, or excusable neglect.  (Notice of Mot., Doc. 116, at 1.)  After combing Plaintiff's numerous filings, the Court finds a single reference to Plaintiff's mistake, "(see CV 118-079, Doc. 12, apology)" (id.), and the reference contains no facts warranting relief under Rule 60(b)(1).  The citation is to Plaintiff's "Notice of Government Official Apology" filed in one of Plaintiff's many lawsuits in this Court.  (Hesed-El v. Poff, CV 118-079, Doc. 12.)  Plaintiff cites his apology as his "mistake"

---

[3] Plaintiff appears to be changing his position regarding the probable cause determination, which is not permitted on a motion for reconsideration.  In the operative complaint, Plaintiff alleged that Defendant McCord made the probable cause determination.  (Second Am. Compl., ¶¶ 10, 22, 23.)  In his brief supporting his motions, Plaintiff continues to assert that Defendant McCord determined probable cause.  (Pl.'s Br. Supp. Mots., at 9.)  At the same time, Plaintiff also now argues that Defendant McCord did not make a determination of probable cause and instead contends that Judge Scott Allen made the probable cause determination.  (Id. at 5, 8.)  The Court need not consider arguments that could have been raised prior to judgment, and if anything, Plaintiff's new position undercuts his former claim that a clerk improperly made a probable cause determination.

meriting reconsideration in this separate matter. Plaintiff misunderstands the meaning of Rule 60(b)(1).

The case Plaintiff references is only tangentially related to the present action; that meritless lawsuit has no impact on the qualities of this dismissed lawsuit. Therefore, Plaintiff fails to put forth a legitimate reason for the Court to reconsider its judgment under Rule 60(b)(1).

   b. *Rule 60(b)(3)*

Next, Plaintiff seeks relief from the judgment due to fraud, misrepresentation, or misconduct of the Defendants. Again, Plaintiff misinterprets the relevant rule. Relief is warranted under Rule 60(b)(3) when the opposing party commits some fraud, misrepresentation, or misconduct in the present action leading to the judgment the movant seeks to alter. "Fraud on the court constitutes fraud which 'defiles the court itself, or is a fraud perpetrated by officers of the court' that prevents the court from impartially judging cases before it. . . . A court should deny a plaintiff's motion 'in the absence of such conduct.'" Smith v. Nat'l Credit Sys., Inc., 760 F. App'x 869, 871 (11th Cir. 2019) (per curiam) (quoting Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1551 (11th Cir. 1985)).

In Plaintiff's brief supporting his motion for reconsideration, Plaintiff notes "fraudulent acts under a color of authority and without due process of law." (Pl.'s Br. Supp. Mots.,

Doc. 113, at 9.) Alleged fraud going to the merits of the lawsuit is not the conduct contemplated in Rule 60(b)(3). No facts raise even the slightest concern that fraud, misrepresentation, or misconduct by Defendants caused an impartial decision.

### c. *Rule 60(b)(5)*

The Court now turns to Plaintiff's requested relief under Rule 60(b)(5). Once more, Plaintiff directs the Court to Hesed-El v. Poff, CV 118-079, to request relief from sanctions imposed in that case. (Notice of Mot., at 1.) In Hesed-El v. Poff, the Court ordered the posting of a $100 frivolity bond before Plaintiff is permitted to file future lawsuits. (CV 118-079, Doc. 9.) To the extent Plaintiff seeks reconsideration of a judgment in a separate action, this case is not the place to request that relief.

### d. *Rule 60(b)(6)*

Rule 60(b)(6) is a catchall provision, allowing the district court to set aside a judgment for "any other reason that justifies relief." Relief under this subsection is reserved for "cases that do not fall into any of the other" subsections of Rule 60(b). United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile Cty., 920 F.2d 788, 791 (11th Cir. 1991). The Eleventh Circuit instructs that "a Rule 60(b)(6) movant must persuade the court that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is a matter for the district court's

8

sound discretion." <u>Toole v. Baxter Healthcare Corp.</u>, 235 F.3d 1307, 1317 (11th Cir. 2000) (citation and internal quotation marks omitted).

Plaintiff argues — what the Court believes to be a novel argument — that "[i]t is a violation of the laws of Islam for a clerk to judge a Moslem under Christian law." (Pl.'s Rule 60 Mot., Doc. 114, ¶ 1.) The Court summarily rejects this argument as frivolous. Nothing else in Plaintiff's motion merits discussion under Rule 60(b)(6).

## B. Federal Rule of Civil Procedure 52

Unable to find justification for relief under Rules 59 and 60, Plaintiff argues that, under Rule 52, the Court should amend its "findings" contained in the March 29, 2019 Order dismissing this action. (Notice of Mot., at 1.) Under Rule 52(a)(3), "The court is not required to state findings or conclusions when ruling on a motion under Rule 12." "When considering a motion to dismiss, the court is not to assess the veracity or weight of the evidence; rather, the 'purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of claim for relief.'" <u>Williams v. Keenan</u>, No. 5:06-CV-290 (CAR), 2007 WL 81823, at *2 (M.D. Ga. Jan. 8, 2007) (quoting <u>Brooks v. Blue Cross & Blue Shield of Fla, Inc.</u>, 116 F.3d 1364, 1368 (11th Cir. 1997) (per curiam)). Therefore, "the requirements of Rule 52 do not apply . . . since Rule 52 applies only to actions 'tried on the facts' or rulings

otherwise expressly included, and the dismissal of [the] case . . . do[es] not fall into these categories." <u>Beepot v. JP Morgan Chase Nat'l Corp. Servs., Inc.</u>, 626 F. App'x 935, 938 (11th Cir. 2015) (per curiam).

Here, Plaintiff first asks the Court to amend its "finding" of insufficient evidence in dismissing the case. The Court made no such finding; therefore, the Court cannot amend a finding it did not make. Second, Plaintiff claims that the Court needs to amend its findings or make additional findings. As shown above, the Court did not make findings and there is no reason to amend its judgment. Rule 52 is not the proper Rule under which to reconsider the March 29, 2019 Order at issue.

## C. Motion to Take Judicial Notice

Plaintiff sets forth several "Adjudicative Facts that Must be Noticed" in support of his motions. (Request for Judicial Notice, Doc. 117, at 2-3.) The Court declines to take judicial notice of the asserted facts. Pursuant to Federal Rule of Evidence 201(b), "The Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Facts appropriate for judicial notice include "(1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the

10

boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." Shahar v. Bowers, 120 F.3d 211, 214 (11th Cir. 1997). "While a court has wide discretion to take judicial notice of facts, . . . the taking of judicial notice of facts is, as a matter of evidence law, a highly limited process." Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC, 369 F.3d 1197, 1204-05 (11th Cir. 2004) (citation and internal quotation marks omitted).

Here, the "facts" asserted are either (1) subject to reasonable dispute (Asserted "Facts," 1, 2, 3, and 6); (2) opinions of the Supreme Court of Georgia and Court of Appeals of Georgia, which are not facts (Asserted "Facts," 4, 5), see Packer v. Jones, No. 06-0665-CG-B, 2013 WL 6019293, at *3 (S.D. Ala. Nov. 13, 2013); (3) facts already accepted as true in considering Defendants' motion to dismiss, and therefore, not impacting the judgment (Asserted "Facts," 1, 2, 7); and/or (4) facts irrelevant to reconsidering the Court's judgment (Asserted "Facts," 3, 5, 8, 9, 10), see Hargis v. Access Capital Funding, LLC, 674 F.3d 783, 793 (8th Cir. 2012) ("Courts are not required to take judicial notice of irrelevant materials."). Consequently, the Court refrains from taking judicial notice.[4]

---

[4] Plaintiff requests to be heard on the issue of judicial notice. (Req. for Judicial Notice, Doc. 117, at 3.) That request is **DENIED**. "Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on

11

**D. Motion to Proceed on Appeal IFP**

Applications to proceed on appeal IFP are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. In relevant part, section 1915(a) provides:

> (1) . . . [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[5] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> . . .
>
> (3) An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith.

Federal Rule of Appellate Procedure 24(a) requires, in pertinent part, that:

> [A] party to a district-court action who desires to appeal [IFP] must file a motion in the district court. The party must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal.

---

disputing." United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994). "In order to fulfill these safeguards, a party is entitled an opportunity to be heard as to the propriety of taking judicial notice." Paez v. Sec'y, Fla. Dep't of Corrs., 931 F.3d 1304, 1307 (11th Cir. 2019). Plaintiff is the party asking the Court to take judicial notice, and he is not at risk of the Court taking judicial notice of a fact against him. That said, the procedural safeguard to be heard belongs to Defendants. Since the Defendants did not request to be heard, and the Court denies Plaintiff's request for judicial notice, no hearing is required.

[5] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam).

"There is no absolute right to be allowed to proceed [IFP] in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." Startti v. United States, 415 F.2d 1115, 1116 (5th Cir. 1969) (per curiam). An appeal is not taken in good faith if it is frivolous. See Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal "is frivolous if it is without arguable merit either in law or fact." See Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). Furthermore, failure to include the prescribed affidavit results in denial of the applicant's motion. Patel v. Vinson, No. 1:18-cv-4833-AT, 2018 WL 6839016, at *2 (N.D. Ga. Nov. 20, 2018). In determining whether to grant a motion to proceed on appeal IFP, trial courts possess "wide discretion" and recognize the privilege should be extended "sparingly." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 (11th Cir. 2004) (per curiam) (citation omitted).

At the outset, Plaintiff's affidavit fails to comply with Rule 24's format requirements in at least one respect. Plaintiff substituted the affidavit set forth in the Eleventh Circuit's form motion with a largely incoherent statement.[6] (Compare Mot. to Appeal IFP, Doc. 119, at 2, with United States Court of Appeals

---

[6] Additionally, Plaintiff opted for the plural possessive pronoun "we" instead of the singular pronoun "I." Plaintiff offers no explanation for the change. Regardless, it casts doubt on Plaintiff's affidavit. The applicant is required to swear, himself, to the accuracy of the information provided.

for the Eleventh Circuit, *Mot. for Permission to Appeal IFP & Affidavit*, http://www.ca11.uscourts.gov/sites/default/files/court docs/clk/FormFormaPauperisJUN18.pdf.) Plaintiff's alteration of the affidavit is arguably reason to deny his motion to appeal IFP. Even if the affidavit is sufficient, however, Plaintiff's appeal is not taken in good faith.

Plaintiff enumerates five issues on appeal. (Mot. to Appeal IFP, at 2.) The first issue questions whether Shadwick v. City of Tampa conflicts with Federal Rule of Criminal Procedure 4(b)(1)(D). 407 U.S. 345 (1972). Rule 4(b)(1)(D) states, "A warrant must . . . be signed by a judge." Rule 4(b)(1)(D) is inapplicable to Plaintiff's case. As stated in Federal Rule of Criminal Procedure 1(a)(1): "These rules govern the procedure in all criminal proceedings in the United States district courts, the United States courts of appeals, and the Supreme Court of the United States." The matter Plaintiff complains of was a state criminal proceeding, not a federal one. Because Federal Rule of Criminal Procedure 4(b)(1)(D) is unrelated to state court criminal proceedings, deciding the enumerated issue is irrelevant and frivolous.

As to the second issue, the Court expressly stated in its March 29, 2019 Order dismissing Plaintiff's Section 1983 claim under the Fourth Amendment that Defendant McCord met the constitutional requirements set forth in Shadwick. (Mar. 29, 2019

14

Order, at 12.) Plaintiff does not seek to appeal this conclusion. Instead, Plaintiff questions whether Defendant McCord possessed the authority to issue the arrest warrant. As described in the Court's March 29, 2019 Order, local legislation grants clerks of the Civil Court of Richmond County the authority to issue arrest warrants. (Mar. 29, 2019 Order, at 12-13.) Plaintiff seems to argue that the local legislation has been repealed, but the Court finds no authority suggesting that to be true. See Horn v. Shepherd, 732 S.E.2d 427, 433 (Ga. 2012) (citing U.S. Bank Nat'l Ass'n v. Gordon, 709 S.E.2d 258, 261 (Ga. 2011)) ("Statutes in pari materia, i.e., statutes relating to the same subject matter, must be construed together." (internal quotation marks omitted)). The local legislation discussed in the March 29, 2019 Order that applies to the Civil Court of Richmond County instills clerks with the authority to issue arrest warrants.

Plaintiff's third issue is irrelevant to this action. To satisfy the requirements as a constitutionally satisfactory warrant, Shadwick requires (1) authorization for the officer to issue arrest warrants, (2) the officer must be neutral and detached, and (3) the officer must be capable of determining probable cause. All three requirements are satisfied. To the extent Plaintiff argues that Defendant McCord is required and failed to receive a commission under the seal of the office of the Governor of Georgia, that complaint is not recoverable under

15

Section 1983. Section 1983 permits recovery for deprivations of rights under the Constitution or federal law. Purported violations of O.C.G.A. § 15-10-3 are neither.

Plaintiff's fourth issue is also frivolous. Plaintiff generally cites to Public Law 107-273 without any indication as to which specific portion of the legislation is applicable. Although Public Law 107-273 is known as the "21st Century Department of Justice Appropriations Authorization Act," Plaintiff interprets the legislation to support his position that a deputy clerk may not sign an arrest warrant. The Act cited is federal legislation, applicable to the federal judiciary, and has no bearing on the issuance of arrest warrants in state criminal proceedings.

Finally, Plaintiff's fifth issue on appeal is not taken in good faith. Plaintiff contends the district court erred in its findings of fact and dismissal order. First, as previously noted, a district court does not find facts on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Second, generally stating that the district court erred is insufficient to satisfy the requirement that the applicant enumerate the issues on appeal. The issues must be described with enough specificity that the Court may determine whether the appeal is frivolous. See Nolley v. Nelson, No. 5:15-cv-00075-CAR-MSH, 2017 WL 6618242, at *2 (M.D. Ga. July 18, 2017); Marshall v. United States, No. 10-20482-CIV-ROSENBAUM/WHITE, 2014 WL 12489600, at *2 (S.D. Fla. Mar.

31, 2014); <u>United States v. One 2000 Land Rover Discovery II</u>, No. 07-00382-CG-C, 2008 WL 4809440, at *2 (S.D. Ala. Oct. 24, 2008).

Having concluded that all issues Plaintiff enumerates in his motion are frivolous, the Court certifies that this appeal is not taken in good faith.

### III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that (1) Plaintiff's motion pursuant to Federal Rule of Civil Procedure 60 (Doc. 114) is **DENIED**; (2) Plaintiff's motion pursuant to Federal Rule of Civil Procedure 52 (Doc. 115) is **DENIED**; (3) Plaintiff's motion for judicial notice (Doc. 117) is **DENIED**; and (4) Plaintiff's motion to proceed on appeal IFP (Doc. 119) is **DENIED**. Pursuant to Federal Rule of Appellate Procedure 24(a)(4), the Clerk is **DIRECTED** to transmit this Order to the Eleventh Circuit Court of Appeals. This case remains **CLOSED**.

**ORDER ENTERED** at Augusta, Georgia, this 10ᵗʰ day of October, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA